**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

C.H. *by and through next friend*        )
SONYA MARIE HUNT,                         )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        No. 4:21-cv-00443-JCH
                                          )
PATTONVILLE SCHOOL DISTRICT, et al.,      )
                                          )
            Defendants.                   )

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the motion of plaintiff C.H. for leave to commence

this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed

the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally,

plaintiff, by and through Sonya Marie Hunt, has filed a motion for appointment of counsel, a

motion for appointment of next friend, and a motion for leave to file an amended complaint.

(Docket No. 3; Docket No. 4; Docket No. 5). For the reasons discussed below, the motions for

appointment of counsel and appointment of next friend will be granted. The motion for leave to

file an amended complaint will be denied without prejudice, as plaintiff's appointed attorney will

be instructed to submit an amended complaint on his behalf.

**Legal Standard on Initial Review**

Because plaintiff is proceeding in forma pauperis, his case falls under the screening

provision of 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss

a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which

relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief,

which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

**Background**

Plaintiff is a minor child. On April 16, 2021, he filed a civil action by and through his mother, naming the Pattonville School District and eleven district employees as defendants. (Docket No. 1). In the complaint, plaintiff asserted that he was physically and verbally assaulted by a teacher at Holman Middle School, and that various other teachers and administrators tried to cover this incident up. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis, a motion for appointment of counsel, and a motion for appointment of next friend. (Docket No. 3; Docket No. 4; Docket No. 5).

On June 16, 2021, plaintiff submitted a motion for leave to file an amended complaint. (Docket No. 5). With the motion he included a copy of his proposed amended complaint. (Docket No. 6).

**The Amended Complaint and Subsequent Filing**

The amended complaint is typewritten and not on a Court-provided form. It is seventy-nine pages long, and includes an additional seventy-one pages of exhibits, including a Missouri Social Service's child abuse investigation report, medical records, and educational records. The amended complaint is brought by Clyde Hunt, Sr. and Sonya Hunt on behalf of C.H.

The amended complaint names twelve separate defendants: (1) the Pattonville R-111 School District; (2) Superintendent Tim Pecoraro; (3) Ex-Superintendent Mike Fulton; (4) Dr. Sarah Moran; (5) Dr. Gregory Schnatmeier; (6) Dr. Don Bohannon; (7) Dr. Elizabeth Keenan; (8) Chaketa Mack-Riddle; (9) Dee Byrnes; (10) Melissa R. Benefield; (11) Mark Sharp; and (12) Bertha Doyle-Sneed. Plaintiff states that he is bringing this action pursuant to Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, as well as under state law. As such, he asserts that this Court has federal question jurisdiction.

In the complaint, plaintiff alleges that on April 17, 2018, while a student at Holman Middle School, he was assaulted by his teacher. Specifically, he asserts that his teacher signaled him to step outside the classroom, took hold of his wrist, and "fast walked him down the hallway" while "pulling him aggressively." Plaintiff further claims that the teacher twisted his ear, struck him in the back of his head, screamed, yelled, and threatened to call the police.

Following this incident, plaintiff alleges that defendants engaged in a coverup. The teacher denied the incident, while other individuals purportedly "edited" or "changed" the security camera footage, which apparently showed that no assault occurred.

As a result of the assault described above, plaintiff states that he has suffered "psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life," and that he has been diagnosed with post-traumatic stress disorder, major depression, and general anxiety disorder. He seeks "compensatory damages, special damages, [and] injunctive relief."

Subsequent to the filing of his amended complaint, plaintiff filed a "Personal Injury Demand Letter." (Docket No. 8).  In the letter, plaintiff makes "a formal demand for settlement," requesting a total of $1,420,537.90 in damages for both himself and his mother.

### Discussion

Plaintiff is a minor child who has filed a civil action by and through his mother and father, who are self-represented litigants. For the reasons discussed below, the case is subject to dismissal. Rather than dismissing, however, the Court will grant plaintiff's motion for appointment of counsel, and direct appointed counsel to file an amended complaint on plaintiff's behalf.

### A.  Non-Attorney Parents Cannot Litigate on Behalf of their Minor Children

A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties

4

may plead and conduct their own cases personally or by counsel"). As such, "[n]on-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 887 (8th Cir. 2020). While this rule "may not be ironclad," there is no exception for lawsuits based on 42 U.S.C. § 1983 or general state tort law." *Id*.

Here, plaintiff's lawsuit has been filed by his mother, while the amended complaint purports to be brought by both his mother and father, though only the mother has signed it. There is no allegation that either parent is a licensed attorney. Furthermore, nothing in any of the filings indicates that such is the case. Because they are not attorneys, neither the mother nor father can litigate on behalf of C.H. *Id*. at 888 (finding that district court properly ruled that non-attorney parents could not litigate on behalf of their minor child). Thus, this action cannot proceed unless plaintiff has an attorney to represent him.

### B. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court has determined that the appointment of counsel is warranted. Plaintiff has alleged serious allegations, there is likely to be conflicting testimony, and it appears that an attorney will be able to assist plaintiff in presenting his claim.

More importantly, the Court notes that in a relatively recent case, the United States Court of Appeals for the Eighth Circuit held that the denial of counsel in a similar situation was an abuse of discretion. *Crozier*, 973 F.3d at 892. In *Crozier*, the parents of a minor child attempted to sue her school, the school district, a teacher, and three administrators for the alleged violation of the child's constitutional rights. *Id*. at 885. The district court ultimately ruled that the non-attorney parents could not litigate on behalf of their child, but refused to appoint counsel. *Id*. at 887. The Court of Appeals agreed that the parents could not bring the case on behalf of their child. *Id*. at 888. Nevertheless, the Court of Appeals reversed and remanded with instructions to appoint counsel, explaining that:

> Ordinarily, the denial of a motion to appoint counsel would mean that the plaintiffs may continue to litigate pro se, obtain a ruling on the merits from the district court, and exercise their right to appeal. But in the unusual circumstances of this case, the district court's denial of the motion, together with the rule against pro se representation by parents, terminated the action before any claim could be adjudicated.

*Id*. at 891-92. As in *Crozier*, plaintiff's parents are attempting to bring a case on his behalf regarding an incident at school that allegedly violated his constitutional rights. Because they are not attorneys, the parents are not allowed to do so. If the Court were to deny their motion for appointment of counsel, it would terminate the action before any claim could be adjudicated. Therefore, plaintiff's motion for appointment of counsel will be granted. Appointed counsel will be directed to meet with plaintiff and file an amended complaint within sixty (60) days of the receipt of the Court file.

**C. Motion for Appointment of Next Friend**

Plaintiff's mother has filed a motion for appointment of next friend. (Docket No. 4). Pursuant to the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In the motion, mother states that C.H. is a minor and sets forth her relationship to him. Furthermore, there is nothing to indicate that C.H. otherwise has a duly appointed representative. Therefore, the Court finds that the motion should be granted.

**D. Motion for Leave to File an Amended Complaint**

Plaintiff has filed a motion to amend his complaint, along with a proposed amended complaint. (Docket No. 5; Docket No. 6). The motion will be denied without prejudice as the Court is appointing counsel and directing appointed counsel to file an amended complaint on plaintiff's behalf.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint plaintiff counsel in this matter. A separate order of appointment shall be entered by the Clerk.

7

**IT IS FURTHER ORDERED** that appointed counsel shall meet with plaintiff and file an amended complaint within sixty (60) days of receipt of a copy of the Court file.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, this matter shall be reviewed in accordance with 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim upon which relief can be granted.

Dated this 7th day of September, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE