UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.H. by and through next friend, SONYA MARIE HUNT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 4:21-cv-00443-SEP ) |
| PATTONVILLE SCHOOL DISTRICT, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

Before the Court are Plaintiff's Motion to Appoint Counsel, Doc. [69], "Pro Se Motion Plaintiff, Sonya Marie Hunt as Next Friend of C.H.'s Motion for Intervention from the Attorney General or in the Alternative, the United States Department of Justice Civil Rights Division," Doc. [72], and "Supplemental Motion Due for October 25, 2024," Doc. [74]. For the reasons set forth below, the motions are denied. Also before the Court is the Motion to Withdraw as Attorney, Doc. [75], filed by Diane Dragan of the Dragan Law Firm, which is granted.

### FACTS AND BACKGROUND

This action was commenced on April 16, 2021, when Plaintiff's mother, Sonya Hunt, filed the Complaint and moved for permission to serve as next friend to her son, C.H. *See* Doc. [1]. C.H. was a minor when the action was filed, and so could not sue in his own right. Whether an individual has the capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(c). In Missouri, a minor cannot prosecute an action without a duly-appointed representative such as a next friend. *See Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 788 (Mo. Ct. App. 1994); Mo. Rev. Stat. § 507.110 ("Suits by infants may only be commenced and prosecuted . . . by a next friend appointed for him in such suit."); *see also* Fed. R. Civ. P. 17(c) (A "minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). Accordingly, the Court approved Ms. Hunt's motion to be appointed next friend. Doc. [10].

The matter was filed pro se, and federal law does not allow a parent appointed as next friend to act as a pro se representative of the minor party in interest. *See Crozier for A.C. v. Westside Community School Distric*t, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents

1

cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves."). Because the Eighth Circuit held in *Crozier* that it was an abuse of discretion to deny appointment of counsel for a minor plaintiff in a factual context similar to that presented here, the undersigned concluded it was appropriate to appoint counsel in this matter.[1] *See* Doc. [10]. *Crozier* did not require that a district court appoint counsel in such cases, however. *Id*. And in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). In most pro se matters the Court does not appoint counsel. C.H.'s status as a minor was the sole reason counsel was initially appointed in this matter.

Since the beginning of this action, the Court has appointed six different attorneys to represent Plaintiff in this matter, *see* Docs. [11], [14], [24], [45], [49], [64], and none has been able to work successfully with Plaintiff. Almost four years into the lawsuit, no Defendant has yet been served. Over the last four years, Plaintiff has requested, and been granted, 13 extensions of time to file an amended complaint, yet nothing has been filed. *See* Docs. [16], [18], [20], [26], [31], [34], [40], [52], [55], [57], [59], [62], [67]. The Court appointed the most recent attorney, Diane Dragan, on May 7, 2024. The Court chose Ms. Dragan for this case because she is a highly qualified attorney with a specialization in education law and ample experience in federal court. On August 28, 2024, Ms. Hunt, on behalf of Plaintiff, filed a motion to appoint counsel, in which she indicated that she did not agree with Ms. Dragan's advice concerning the viability of some of Plaintiff's claims. *See* Doc. [12] at 12. She also stated that C.H. was unable to work with Ms. Dragan due to her physical resemblance to the teacher who allegedly assaulted C.H., as they are both blonde women with glasses. *Id*. Because of this, Plaintiff asked the Court to "grant a New Appointment of an attorney." *Id*. at 13.

The Court set a hearing on Plaintiff's motion to appoint counsel for October 17, 2024. On that day, Plaintiff also filed the "Pro Se Motion Plaintiff, Sonya Marie Hunt as Next Friend of C.H.'s Motion for Intervention from the Attorney General or in the Alternative, the United States Department of Justice Civil Rights Division." Doc. [72]. In that filing, Ms. Hunt indicated that she doubted whether C.H. could receive justice through this lawsuit alone and asked the Court to order the United States Department of Justice or the Attorney General for the

---

[1] In the same Order, the Court also gave Plaintiff 60 days to file an amended complaint and noted that any such amended complaint would be subject to frivolity review under 28 U.S.C. § 1915.

2

United States to intervene in the case and investigate the alleged assault on C.H. *Id*. Ms. Hunt also indicated in the motion that she and C.H. had once filed a complaint with the Department of Justice and been told that they had waited too long to file. *Id*. at 14. In the motion, she states that "having another appointed attorney will be devastating," and that the "DOJ/Civil Rights Division and the Attorney General Office would be the best option for [C.H.] to have a thorough investigation" because she believes that, unlike all the private attorneys appointed in this matter, the governmental law enforcement agencies will not "turn a blind eye" to the injustices allegedly committed against C.H. *Id*. at 15.

## DISCUSSION

The Court first addresses a threshold issue: whether the real party in interest is properly entered as the named Plaintiff in this matter. Federal Rule of Civil Procedure 17(a) provides that an action must be prosecuted in the name of the real party in interest. A minor may be represented by a guardian or next friend. *See* Fed. R. Civ. P. 17(c). C.H.'s mother, Sonya Hunt, has maintained this action as C.H.'s next friend since its inception. *See* Doc. [10]. A next friend is one who, in the absence of a guardian, acts for the benefit of a minor during the prosecution of a lawsuit filed on behalf of the minor. *See Anderson v. Nebraska*, 2018 WL 3009115, at *5 (D. Neb. June 15, 2018). "[A] necessary condition for 'next friend' standing is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own case due to certain incapacities, including being under the age of majority." *Id*. (citing *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). Here, at the hearing held on October 17, 2024, Ms. Hunt confirmed that C.H. is no longer a minor, having attained eighteen years of age. Accordingly, Ms. Hunt has lost the standing she once had to prosecute C.H.'s claims and may no longer represent his interests pursuant to Rule 17(c). *See id*. (gathering cases).

When a minor reaches majority, "the suit does not abate but may proceed in the name of the minor at the minor's election." *Id*. at *6; *see also* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). "The record . . . should show the suit is prosecuted by the plaintiff [himself], and it is proper to strike out the name of the next friend." *Id.*

3

If C.H.'s claims are to be prosecuted in this case, they must be prosecuted in his name, since he is the real party in interest. Pursuant to Federal Rule of Civil Procedure 17, the Court will give C.H. a "reasonable time" to be substituted as Plaintiff. If he wishes to continue to prosecute this action, C.H. must, no later than 30 days after entry of this Order, file an amended complaint in which he is the named Plaintiff,[2] and in which his mother is no longer named as next friend in this matter. If he fails to do so, the case will be dismissed for failure to prosecute.

The Court turns next to Plaintiff's motions asking this Court to order intervention by either the United States Department of Justice or the Attorney General of the United States. At the hearing held on October 17, 2024, the undersigned explained to Plaintiff that such an action is not within the Court's authority. Plaintiff nevertheless filed two separate motions seeking such relief. *See* Docs. [72], [74]. C.H. also filed what he styled as a "Supplement" to the motions, in which he stated that he did not want the Court to appoint another attorney for him, but instead, wants the Court to "send [his] case to the Department of Justice." Doc. [73].

The Court already made clear to Plaintiff that it cannot order either the Department of Justice or the Attorney General to take up C.H's case. This Court cannot, as Plaintiff suggests, compel an investigation or prosecution by either of those entities. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest" in the investigation or prosecution of another); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865–67 (8th Cir. 2009) (victims lack standing to compel a prosecution); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Plaintiff's motions seeking such relief are therefore denied.

The Court turns now to Plaintiff's motion for appointment of counsel, which was filed by Ms. Hunt as next friend. Because the Court has determined that she is no longer eligible to represent her son as his next friend, and because both she and her son have indicated that they do want the Court to appoint another attorney, the motion is denied as moot. If C.H. is substituted as Plaintiff in this matter, and he believes there are grounds for this Court to appoint him counsel in the future, he may file such a motion on his own behalf at that time.

Finally, Ms. Dragan's motion to withdraw as counsel of record is granted.

Accordingly,

---

[2] Because C.H. is no longer a minor, he may no longer use his initials in future court filings; he must use his full name in the case caption and throughout the filing. *See* E.D. Mo. Local Rule 2.17.

4

**IT IS HEREBY ORDERED** that Plaintiff's Motion for to Appoint Counsel, Doc. [69], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's "Pro Se Motion Plaintiff, Sonya Marie Hunt as Next Friend of C.H.'s Motion for Intervention from the Attorney General or in the Alternative, the United States Department of Justice Civil Rights Division," Doc. [72], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Supplemental Motion Due for October 25, 2024," Doc. [74], is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Attorney, Doc. [75], is **GRANTED**.

**IT IS FURTHER ORDERED** that C.H. shall have **thirty (30) days** from the date of this Order to file an amended complaint as named Plaintiff, should he choose to do so.

**IT IS FINALLY ORDERED** that, if Plaintiff does not file an amended complaint within the deadline established in this Order, this action will be dismissed without prejudice for failure to prosecute.

Dated this 10th day of January, 2025.

_/s/ Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5